## LAKE SHORE & M. S. RY. v. C. W. ANDERSON.

1. PETITION AGAINST RAILROAD COMPANY FOR CAUSING FIRE SUFFICIENT UNDER LAN. R. L. 5395, 5396 (B. 3365-5, 3365-6), WHEN.

A petition, filed in an action against a railroad company to recover for a loss by fire, which avers that the fire and sparks were emitted from one of the defendant's locomotives thereby causing a fire on its right of way and plaintiff's land lying adjacent thereto, followed by the averment that plaintiff does not know, or have the means of knowing whether the fire originated on the right of way or his own land, states fact sufficient to constitute a cause of action under Lan. R. L. 5395, 5396 (B. 3365-5, 3365-6), and the averment made is also a sufficient averment that the fire communicated directly from the locomotive and not from any other source or land.

2. JURY WARRANTED IN FINDING THAT FIRE ORIGINATED FROM LOCOMOTIVE, WHEN.

The jury is warranted in finding that a fire upon plaintiff's land which lies adjacent to a railroad company's right of way, originated from fire and sparks emitted from one of the company's locomotives when the evidence shows that it originated very quickly after two locomotives had passed along, that the day was windy with the wind blowing in the direction of plaintiff's land and of sufficient force to carry sparks thereon, and that there were no other fires in the particular neighborhood at the time.

3. RAILROAD MAY SHOW WANT OF NEGLIGENCE AS DEFENSE UNDER LAN. R. L. 5395 (B. 3365-5) ET SEQ., WHEN.

A railroad company sued for damages caused by a fire which started from fire and sparks emitted from one of its locomotives, and which originated upon the land of plaintiff lying adjacent to its right of way, may show in defense that it was not guilty of negligence in the premises.

4. DEFENSE OF WANT OF NEGLIGENCE UNDER LAN. R. L. 5395 (B. 3365-5) ET SEQ. NOT MADE OUT, WHEN.

A defense interposed by a railroad company in an action in which it is sued to recover damages caused by a fire, that it was not guilty of negligence in the premises in that its locomotives were fully equipped with spark arresters which were in good condition at the time, and were being carefully managed, is not sustained where the evidence shows that the spark arresters would not have emitted fire and sparks sufficient to cause the fire had they been in good order and condition.

ERROR to Huron common pleas court.

C. P. & L. W. Wicknam, for plaintiff in error.

McKnight & Thomas, for defendant in error.

## HAYNES, J.

C. W. Anderson commenced suit in the court of common pleas to recover damages against the railway company for a certain loss suffered

by him to his property by reason of the locomotives of the company emitting sparks and causing fire which resulted in his damage.

The case was tried to a jury and a verdict was rendered in favor of the plaintiff below and the defendant below brings action in this court to reverse the judgment of the court of common pleas and gives a variety of reasons why the judgment should be reversed.

The action was brought below under Lan. R. L. 5395, 5396 (B. 3365-5, 3365-6). The first matter to which our attention is called is the matter in the pleadings and around that there has been been quite a lively contention by the parties.

It is claimed on behalf of the railroad company that the amended petition fails to state facts sufficient to show that the fire originated from the company's locomotives, or perhaps more accurately speaking, it has failed to show that the fire originated on the land of either the railroad company, or the land of the plaintiff below. The allegations are these:

In the first cause of action, plaintiff below says that one of defendant's engines in charge of its engineer, pulling a train of cars, was, on March 21, 1902, running along and upon defendant's railway adjacent to plaintiff's land in Townsend township, Huron county, Ohio, and while passing plaintiff's land and adjacent thereto, said engine emitted fire and sparks, thereby causing a fire on defendant's right of way and land and on plaintiff's land adjacent thereto, burning over about six acres of plaintiff's meadow land and burning and destroying between forty and fifty rods of plaintiff's fence, to plaintiff's damage in the sum of $50. That plaintiff does not know and has not the means of knowing whether said fire started on defendant's right of way and land, or on plaintiff's land. The second cause of action, so far as these allegations are concerned, are like the first.

Turning now to the statute (Lan. R. L. 5395, 5396; B. 3365-5, 3365-6) in order to see how the question is raised, I cite the statute in 91 O. L. 187, being the same act:

"Every railroad company operating a railroad or any portion of a railroad wholly or partially within the state of Ohio, shall be liable for all loss or damage by fire originating upon the land belonging to such railroad company caused by operating such railroad. Such railroad company shall be further liable for all loss or damage by fires originating on lands adjacent to such railroad company's land caused in whole or in part by sparks from an engine passing over the line of such railroad," etc.

Railway v. Anderson.

Then in Sec. 2 it provides:

"In all actions against any person or incorporated company for the recovery of damages on account of any injury to any property, whether real or personal, occasioned by fire communicated by any locomotive engine, while upon or passing along any railroad in this state, the fact that such fire was so communicated, shall be taken as *prima facie* evidence to charge with negligence the corporation, or person or persons who shall, at the time of such injury by fire, be in the use and occupation of such railroad," etc.

Now, the pleader, instead of using the language of the statute, saying that the fire originated upon the lands of the railroad company, says that the fire and sparks were emitted from an engine belonging to the defendant, thereby causing a fire on defendant's right of way. The pleader then proceeds to say that he does not know, nor has he the means of knowing whether the fire started on the defendant's right of way and land, or on the plaintiff's land.

After reading the statute, we are inclined to think that that petition is good against demurrer, as against objection to the admission of evidence. It says that sparks were emitted, causing a fire on the plaintiff's land, and on the land of the railway company. If it caused the fire there, it seems to us that the ordinary understanding of this phrase would be, that the fire originated there. The pleader says he doesn't know whether it originated or was caused first upon the land of the railway company, or upon the land of the plaintiff below. Section 2 of the statute reads, "If the fire was communicated."

Now, pleadings are not to be subject to every intent. The code says the facts constituting the cause of action shall be stated in ordinary and concise language and that is all that is required. It does not appear that there were any other lands that were on fire, or any other fire in that particular neighborhood; but the pleading does allege that the sparks caused the fire on this plaintiff's land, and that seems to us, as I have said, quite sufficient averment of the fact. He further says that he does not know whether the fire started upon the railway company's land or upon the land of the plaintiff below, but he does aver that it started upon the land of either the plaintiff below, or of the railway company. I should add too, that we are of the opinion that the allegation of the petition is a sufficient allegation that the fire communicated directly from the engine and not from any other source, or any other land.

As I have said, there was no fire in the vicinity—no other fields on fire. There is no claim of that kind made. Of course, counsel for

the railway company say very properly, that in passing upon the pleadings themselves and what the evidence may afterwards show, does not help out the original objection to the introduction of any evidence that it made. They claim and very properly claim that if the fire originated in any way except as provided in the statute, the plaintiff below, in order to recover, would have to make a case of negligence against the railway company and prove it.

Now, having passed that point, witnesses were called to testify in regard to the fire. It appears here sufficiently that the fire originated soon after two locomotives of the company had passed along the road. It seems from the evidence that the fire originated from the locomotive attached to a particular train called a local train and that the fire originated very quickly after this train passed. The day was a windy day in March and the wind was from the northeast and the effect of that would be to carry sparks toward the land of the plaintiff which was on the south side of the railroad, and of course it would carry it with force a considerable distance if there were sparks. The testimony of the witnesses in regard to the appearance of the fire when they first got there, would seem to indicate that the fire originated upon the land of the railroad company—the first fire—and passed from that on to the land of the plaintiff. However, there was the testimony of other witnesses that was offered in rebuttal of that proposition; so that we take it that in the discussion of the proof—in discussing the fire, under these pleadings —we should treat the case as a case within the second class of cases, to wit, as a case in which the fire originated upon the land of the plaintiff. We think that the testimony is clear and have no doubt in our own minds that the fire was communicated from this locomotive, by sparks emitted from this locomotive, flying over upon the land of the plaintiff. There seems to be no other reasonable cause for the fire, and that is a reasonable cause for the fire.

The defendant has a right—because the statute only makes a fire *prima facie* evidence of negligence—to show that it was not guilty of any negligence. That is the defense that is open to it, consequently it has set up and was permitted to offer evidence tending to prove that the locomotive was fully equipped with spark arresters, that they were in good condition at the time of the fire, that the engine was carefully managed and that the fire did not or could not originate from the locomotive of the defendant below, or that if by any possibility, sparks were emitted so as to create a fire, that the defendant below was not guilty of any negligence in regard to that.

Railway v. Anderson.

Now, the evidence on the part of the defendant's witnesses—the version of the experts appearing here, and several of them testified in this case—was, that if these spark arresters or if this spark arrester was a good one, in good order, in good condition, the sparks would not fly, could not fly so as to ignite and cause a fire on the premises of the plaintiff below, and that is repeated by several of the witnesses.

Now, if that proposition is true, and the fire did originate by sparks from the locomotive of the defendant below, it is pretty conclusive proof that the spark arresters were not in perfect condition. The testimony of the witnesses in regard to the inspection of this engine and the spark arrester, is not very satisfactory—not such as to require the court to reverse the judgment of the court below in this case.

The testimony is different upon these points. We therefore conclude, after a careful perusal of this evidence that the defendant has not made out by sufficient proof, a case which requires us to disturb this judgment; in other words, we think the jury was authorized in coming to the conclusion that the fire originated from the engine of the defendant below and that the engine was not in good repair at the time, that the burden of proof as to negligence being upon the defendant below, it has not fully sustained that defense, and the judgment of the court of common pleas will therefore be affirmed, but without any penalty.

**Parker, J.,** concurs.